JONES, Justice:
Appellant, a minor, by his father and next friend, sued appellee, a minor, in the Circuit Court of Warren County to recover damages for injuries received in an automobile accident. The suit sought damages of $100,000. On return of a verdict in favor of appellant for the sum of $15,000, he appeals and assigns as error: (a) a grossly inadequate verdict was returned, (b) error in the admission of testimony by Dr. Harry Pierce, appellee’s medical expert, and (c) error in the giving of an instruction going toward appellant’s burden of proof. We only consider the first assignment.
The appellant was eleven years of age, and the appellee, eighteen years of age.
On July 19, 1966, appellant was a passenger traveling north on Highway 61 in an automobile driven by his father. At a point near a local landmark, known as Hearn’s Store, a county road from the east intersects U.S. Highway 61. At or near this intersection, appellee, traveling south, suddenly without warning or signal, turned left and a collision occurred in which appellant was injured.
*464 Appellee first denied liability, but later by amended answer admitted the allegations of the declaration as to liability. The case thus became solely a question of damages. Comparative negligence was not involved.
As a result of the collision, appellant was thrown forward, his face striking the dashboard, causing lacerations of the lower lip and chin. This lip was turned inside out being almost gangrenous when he reached a doctor, with a small part thereof still attached to his face. The upper teeth had cut through the lip and metal fragments were imbedded in the wound. The nose was fractured and pushed to the right and appellant could not breathe through his nose. Two of appellant’s front permanent teeth and four baby teeth were knocked out with a concurrent fracture of the mouth. The alveolar ridge bone, which serves as a socket for the upper teeth, was fractured to the extent that it was so unstable it could be moved with the fingers. The roof of the mouth was torn open from back to front revealing a T-shaped fracture of the maxilla bone in the upper arch of the mouth. A fracture to the right cheek bone resulted in appellant’s sinuses filling with blood which necessitated draining.
The overriding consequences of the injury have been, restriction of activity, self-consciousness, and a probable speech impediment. To restore appellant’s face will require plastic surgery and future work will have to be done on his nose as a result of the nasal injuries. There were five medical specialists who testified for the appellant detailing the injuries received by him, explaining the work presently done, and the future work necessary to be done. In addition he will be handicapped by the wearing of bridges and other orthodontic corrective devices. The testimony was that future work on the boy’s face, mouth, and teeth, and the work already done thereon would cost $8,000 or more.
We believe the verdict in this case is so grossly inadequate as to bring it within that class of cases requiring another trial and a consideration by another jury.
The case is therefore affirmed as to liability and remanded for a new trial on the issue of damages alone.
Affirmed as to liability and remanded for a new trial on the issue of damages alone.
GILLESPIE, P. J., and RODGERS, BRADY, and INZER, JJ., concur.